## GOLDEN et al. v. ARCADIA MUT. CASUALTY CO.
### No. 3701.

District Court, N. D. Illinois, E. D.

Nov. 6, 1942.

Erwin W. Roemer, of Chicago, Ill., for plaintiffs.

McKinley, Price & Quindry, of Chicago, Ill., for defendant.

HOLLY, District Judge.

I am of the opinion that defendant should produce for inspection and copying all of the documents in its possession and called for by plaintiff, except that as to the forms called for by paragraphs 3, 4, and 14 of plaintiff's motion only those forms used in Missouri need be produced. Defendant says that the motion constitutes a "fishing expedition" but the Rules, particularly Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permit "fishing" for evidence, as they should. If documents in defendant's possession tend to sustain plaintiff's claim, plaintiff is entitled to inspect them and have the use of them as evidence.

Defendant contends that the documents called for have no bearing on the issue we have here—whether defendant is subject to the jurisdiction of the courts of Missouri. It says it has no agents in Missouri; that whatever policies it may have issued to residents of Missouri were on applications received by it at its office in the State of Illinois, that the policies were sent by mail to the insured, that whatever business was transacted by defendant with such policyholders was transacted by correspondence passing between such citizens and defendant through the mails and that such letters "could not conceivably under any set of circumstances" be deemed relevant to that issue. But it is quite conceivable that the letters and other documents might throw some light upon that subject.