OLSON TRANSP. CO. et al. v. SOCONY-VACUUM OIL CO., Inc., et al.

Civ. A. No. 561.

District Court, E. D. Wisconsin.

April 26, 1944.

DUFFY, District Judge.

Defendants have moved under Rule 34, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, for an order requiring each plaintiff to produce, and to permit defendants to inspect, copy and photograph, various documents, papers and records of such plaintiff for the calendar years 1933 to 1938, inclusive.

The documents, papers and records are described quite generally under ten separate paragraphs. They relate mostly to the purchase and sale of gasoline by the plaintiffs and as to the income record of plaintiffs during said period of time.

This action is by four plaintiffs for treble damages under the Clayton Anti-Trust Act, 15 U.S.C.A. § 15, and is an outgrowth of a criminal proceeding commenced against those defendants in the Western District of Wisconsin. United States v. Standard Oil Co. et al., D.C., 23 F.Supp. 937. Each plaintiff is a consumer of gasoline as distinguished from a jobber or wholesaler dealing in that product. Plaintiffs contend that the conspiracy existed from March 6, 1935, to December 22, 1936.

Plaintiffs vigorously object to the broad latitude of the proposed examination, contending that many of the documents or records listed do not have any bearing upon the issues of this case; that as 1935 and 1936 are the critical years, an examination of their records for two years prior and two years subsequent thereto would be unduly oppressive. Plaintiffs further contend that defendants must first proceed for discovery under Rules 26, 30 or 31, F.R.C.P., and as a result of such discovery may then only designate documents, records, etc., to be copied, which in the language of Rule 34 "constitute or contain evidence material to any matter involved in the action"; that otherwise the proposed examination would be a mere fishing expedition.

Many courts have condemned the attempted use of Rule 34 in what has been referred to as "fishing expeditions." Kenealy v. Texas Co., D.C., 29 F.Supp. 502; Piest v. Tide Water Oil Co., D.C., 26 F.Supp. 295; United Mercantile Agencies v. Silver Fleet Motor Express, D.C., 1 F.R.D. 709; Walty v. Clute et al., D.C., 29 F.Supp. 2; Archer

Alk, Kresky, Cohen & Hughes and Meyer M. Cohen, all of Green Bay, Wis., and Emmet McCarthy, of Marinette, Wis., and Louis Karasik, of New York City, for plaintiffs.

Vinson, Elkins, Weems & Francis and D. T. Searls, all of Houston, Tex., Thomas, Orr & Isaaksen, and H. H. Thomas, all of Madison, Wis., Nolan, Dougherty, Grubb & Ryan and W. H. Dougherty, all of Janesville, Wis., and Fish, Marshutz & Hoffman, J. H. Marshutz and E. H. Hallows, all of Milwaukee, Wis., for various defendants.

v. Cornillaud, D.C., 41 F.Supp. 435. However, Judge Holly in Golden v. Arcadia Mut. Cas. Co., D.C., 3 F.R.D. 26, said: " * * * Defendant says that the motion constitutes a 'fishing expedition' but the Rules, particularly Rule 34, of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permit 'fishing' for evidence as they should. * * *"

 The provisions for discovery in the Federal Rules of Civil Procedure should be liberally construed. Where the production of documents, papers and records of a party could be required at the trial, it is much less cumbersome, and a great time saver, to have this done upon demand prior to the actual trial. The new rules were designed to eliminate surprise and decisions which result from stategy. Discovery before trial has been encouraged by this court.

I consider that Rule 34 is a direct and simple method of discovery. It may be less cumbersome than depositions and interrogatories. I consider Rule 34 to be independent of Rules 26, 30 and 31, and that it is not necessary for a person first to proceed under the last-named rules before resorting to Rule 34. I have in mind that the rule states "designated" documents, papers, etc., but it is sufficient if the documents and records are identified with some reasonable degree of particularity. I also have in mind that the rule states "* * * documents, papers, * * * which constitute or contain evidence material to any matter involved in the action." It is sufficient, in my opinion, that the parties seeking discovery establish that it is reasonably probable that the documents and records sought to be examined constitute and contain material evidence. The examining party is not restricted to securing testimony that would be admissible at the trial. Mackerer v. New York Cent. R. Co., D.C., 1 F. R.D. 408.

While discovery should be encouraged to eliminate as much as possible the expense and difficulty involved in procuring the various documents and records at the trial, yet it should be so conducted as to not unnecessarily burden the parties who have possession of such documents and records. I believe that the requested examination is too broad. While in a conspiracy action great latitude must always be given as to the reception of evidence, it would seem that if the examination of the record were limited to one year before and one year after the critical years of 1935 and 1936, this should be sufficient.

The proposed examination is to be held at Green Bay, some 115 miles distant from where the judge of this court will be hearing contested matters for the next several months. It would probably save much time for all concerned if the proposed examination were supervised. I will, therefore, order that the examination be under the supervision of the Hon. John D. Kehoe of Green Bay, Wisconsin, as special master. He may determine upon the dates and the hours of the examination and the manner of conducting same, so that there will be as little as possible inconvenience to the business operations of each plaintiff. If further disputes as to the materiality and relevancy of documents and records occur, the said special master will be authorized to rule upon same with the privilege of either party reviewing such ruling before this court.

Counsel for the plaintiffs will prepare an order in accordance with this opinion.