HAWAIIAN AIRLINES, Ltd., v. TRANS-PACIFIC AIRLINES, Ltd.

Civ. No. 817.

District Court, Hawaii.

Sept. 9, 1947.

Robertson, Castle & Anthony, of Honolulu, Hawaii for plaintiff.

Sai Chow Doo, of Honolulu, T. H., and Frederick L. Hewitt, of San Francisco, Cal., for defendant.

McLAUGHLIN, District Judge.

On Sept. 3, 1947, the plaintiff filed its complaint against the defendant and prayed for a temporary and permanent injunction. An order to show cause issued returnable Sept. 9, at which time the defendant appeared and orally moved to dismiss the cause for lack of jurisdiction.

Against the motion, technicalities as to form, etc., being waived, the plaintiff's allegations must be taken for present purposes as true  The facts with which the Court is presently concerned are:

1. The plaintiff is a certificated air carrier under Section 481 (a) of Title 49, U.S.C.A. (Civil Aeronautics Act of 1936), engaged since 1939 in air transportation of persons and property in the Territory of Hawaii.

2. The defendant is also an air carrier so engaged except that it does not hold a certificate of public convenience and necessity under said Section 481 (a), and has since January been continuously engaged in scheduled operations.

Those are the pleaded facts. Upon the return to the order the defendant orally showed in connection with its motion to dismiss that it:

a. Held a safety certificate issued Oct. 10, 1946, by the Civil Aeronautics Administration.

b. Held a Civil Aeronautics Board letter of registration—No. 163—as a Non-Certificated Irregular Air Carrier to operate under the Board's Economic Regulations 292.1 dated May 5, 1947 (12 F.R. 3077), which letter expressly states that it is not a certificate of public convenience and necessity.

c. Had pending before the C.A.B. an application under 49 U.S.C.A. § 481 (a) for a certificate of public convenience and necessity, in connection with which it had petitioned for a prompt hearing and for an exemption to operate without such a certificate pending the hearing. 49 U.S.C.A. § 496.

d. Agreed that no formal complaint had been filed by the plaintiff with the C.A.B. regarding the matter here complained of. 49 U.S.C.A. § 642.

Argumentatively the defendant took the position that the plaintiff had alleged no violation of the Civil Aeronautics Act, and that in any event the action was premature in that plaintiff had not resorted to nor exhausted administrative remedies. Further, claiming that the certificate which it did hold allowed it to operate as it had been doing, defendant denied the existence of an equitable basis for granting plaintiff the relief prayed for.

The motion to dismiss for lack of jurisdiction is denied and a temporary injunction will issue upon proper bond, for as this situation is viewed by the Court:

A. The Civil Aeronautics Act gives this Court jurisdiction to act at the request of a party in interest, such as is the plaintiff, when, as here, a violation of Sec. 481 (a) is alleged. 49 U.S.C.A. § 647;

B. The remedies afforded by the Act are permissive, not mandatory. In order to afford a prompt means of relief, Congress by this Act has given a party in interest the right of either administrative or judicial complaint, at its election. As there is no administrative complaint pending before the Board with regard to this alleged violation, this Court has no cause for refraining from acting until administrative remedies are exhausted.

C. The facts at the moment spell out a clear case of violation of Sec. 481 (a) of Title 49 U.S.C.A.

The question before the Court is not, Should another air carrier certificated under Sec. 481 (a) be allowed to operate in the Territory? That is purely a question for the Board's determination upon defendant's pending application.

■ What is before the Court is, Should the defendant be allowed to continue operating as if it had such a certificate of public convenience and necessity in violation of the Act?

The answer is clearly No, and plaintiff being a proper party to ask for statutory relief against such unlawful competition, its remedy at law by successive suits for damage being inadequate, a certificate of public convenience and necessity being worthless unless protected in the manner provided for by Congress, as has been stated, a temporary injunction will issue. This temporary injunction will restrain defendant from operating in violation of the Act. In other words, it may operate under its present certificate as an irregular air carrier engaged under Sec. 292.1 of the Economic Regulations—and as there provided—in non-scheduled flights. But until such a time as it obtains its certificate of public convenience and necessity under Sec. 481 (a), it may not act as, nor hold itself out as being, an air carrier engaged in regularly scheduled flights. °

The form of the temporary injunction and the amount of the bond will be settled upon notice.