**SOUTHWEST GREASE & OIL COMPANY, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. W–3879.**

United States District Court
D. Kansas.

March 14, 1968.

Martin, Pringle & Schell, and Tom Triplett, Wichita, Kan., for plaintiff.

Jerome Fink, Chief, Refund Trial Sec. No. 3, Tax Division, Dept. of Justice, Washington, D. C., and Bernard V. Borst, Asst. U. S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM DENYING MOTION

WESLEY E. BROWN, District Judge.

This civil action for refund of certain taxes is before the court on plaintiff's

motion for production, inspection and copying of documents, pursuant to Rule 34, F.R.Civ.P.

Plaintiff-movant is a manufacturer of petroleum-base lubricating products, including lubricating oils which are subject to a manufacturers' excise tax of six cents per gallon imposed by Section 4091 of the Internal Revenue Code, 26 U.S.C. § 4091. Plaintiff uses reclaimed or re-refined oil in its products, such oil being crankcase drainings from internal combustion engines from which sludge, dirt and other impurities are removed. Excise tax is paid on reclaimed oil upon its original sale as a refinery-produced lubricant.

Plaintiff alleges that at least since 1950, its competitors have used quantities of reclaimed oil in production of lubricating products and paid no excise tax thereon. In 1950, plaintiff applied to the Internal Revenue Service for a ruling on the computation of excise tax liability on such reclaimed oil when used in its lubricating oil products, plaintiff proposing to deduct from the quantity on which the liability was computed, the quantity of reclaimed oil used therein. This method is claimed to be that used by plaintiff's competitors.

On June 8, 1950, the IRS issued a private letter ruling to plaintiff, instructing it to compute the tax substantially as proposed. That year, IRS agents came to its plant, and set up worksheets and accounting procedures to permit reporting of the tax in accordance with this ruling. Plaintiff states that it has followed this method of computation from 1950 until the quarter ending June 30, 1965.

In 1959, following an examination of plaintiff's returns for 1956 and subsequent years, an IRS agent proposed a disallowance of all credit taken in reliance on the 1950 letter ruling, and when informed of the existence of the ruling, refused to follow it. On July 2, 1963, a deficiency letter was officially issued.

In September, 1965, plaintiff consented to assessment of the disallowance of the credit taken for reclaimed oil, the assessment differing for two separate periods. For the period January 1, 1956, to March 31, 1962, the IRS assessed only the credit taken for reclaimed oil which was used in the production of products *not* taxable under Section 4091. From April 1, 1962, to December 31, 1965, the assessment included the full amount of credit taken for reclaimed oil used during that period, including that used in products taxable under Section 4091. The basis for the differing assessments was Revenue Ruling 62–51, 1962–1 Cum. Bull. p. 218, which ruling was published April 9, 1962. The IRS viewed this ruling as precluding credit taken for reclaimed oil used in products taxable under § 4091.

Plaintiff states that it paid assessments based on a 100% disallowance of the credit with respect to the periods shown in Exhibit A, covering fifteen quarters commencing April 1, 1962 and ending December 31, 1965. Exhibit B sets out the amount and percentage of reclaimed oil used in taxable products during this period. Thus, plaintiff seeks refund only of the assessment covering the 1962–1965 period, and asserts that the method of assessment used therefor is erroneous, and that the IRS should have applied the methods used prior to that period. It argues that the Revenue Ruling 62–51 has no application to its situation, and that it does not revoke or modify its private letter ruling of 1950. Plaintiff further argues that the IRS has given rulings to its competitors similar to its own 1950 ruling, and lastly, that the agent's examination of its returns in 1959 was arbitrary and inconsistent with prior examinations wherein other government agents had approved taxpayer's accounting methods.

■ Under Rule 34, the movant must establish both that the requested documents are relevant to the subject matter of the action, and that good cause

exists to warrant their production. As stated in Williams v. Continental Oil Co., 215 F.2d 4 (10th Cir. 1954).

"No abstract rule of thumb has been devised for ready use in determining in every case whether good cause has been shown. In each case the question is whether special circumstances make it essential to the preparation of the moving party's case that the desired information be made available to him." 215 F.2d at 6.

Defendant resists the motion on the grounds that it fails to designate the documents sought with sufficient particularity, that plaintiff has not shown good cause therefor, i. e., that the requested documents are in some way necessary to the preparation of its case, that the requested private rulings do not constitute and will not lead to admissible evidence, and that the production of certain documents would contravene public policy.

First, plaintiff requests copies of all private letter rulings issued by the IRS interpreting § 4091 of the Code. This provision, as amended in 1965, provides as follows:

"There is hereby imposed on lubricating oil (other than cutting oils) which is sold in the United States by the manufacturer or producer a tax of 6 cents a gallon, to be paid by the manufacturer or producer."

(Insofar as the issues herein are concerned, the statute has been substantially the same at all pertinent times.)

■■ The request on its face is overbroad and not sufficiently specific. Counsel for the government stated an oral argument that there are over 20,000 private letter rulings concerning § 4091. The request is not by its terms limited to application of that section to reclaimed oil as used in lubricating oil taxable under § 4091. Assuming the motion to be thus limited, we fail to perceive the relevance of such private letter rulings issued to other taxpayers to the question herein. Plaintiff does not claim reliance on any ruling other than its own 1950 private ruling, and of course, such a claim of reliance, if it were made, would be of doubtful merit. See Minchin v. Commissioner of Internal Revenue, 335 F.2d 30 at 32 (2nd Cir. 1964). Moreover, "[a]s a practical matter, officials of the Internal Revenue Service are themselves not bound for precedent purposes by rulings or decisions not officially published." Bookwalter v. Brecklein, 357 F.2d 78 at 82 (8th Cir. 1966).

The burden of plaintiff's complaint is that the 1962 published Revenue Ruling does not supersede or revoke its own earlier private ruling, and that in fact the later ruling has no application whatever to its situation. Movant has failed to indicate how numerous unspecified private rulings issued to innumerable other taxpayers, based upon varying facts and circumstances, would have any bearing upon the question of the applicability of the 1962 Ruling versus the 1950 private letter ruling.

The taxpayer states that the government has issued private rulings to taxpayer's competitors which are similar to its 1950 private ruling and appears to argue that they still enjoy the credits afforced thereunder. To repeat, the issue herein is the interpretation of the 1962 Revenue Ruling and its applicability to taxpayer. "No unpublished ruling or decision will be cited or relied upon by any officer or employee of the Internal Revenue Service as a precedent in the disposition of other cases." 1962–1 Cum.Bull. p. 1. Such unpublished rulings would be of no assistance in determining the issue upon which the refund claim is based.

■ Secondly, plaintiff-movant seeks copies of all working papers of Revenue Agent Thomas R. Young, used in or resulting from his examination of plaintiff's returns in 1959. Agent Young was the agent who first proposed disallowance of the credit, in opposition to the 1950 ruling. Plaintiff states in its brief

that Young's examination in 1959 was arbitrary and inconsistent with prior examinations wherein other government agents had approved taxpayer's method of reporting. In Timken Roller Bearing Co. v. United States, 38 F.R.D. 57 (N.D.Ohio 1964), the court stated,

> "Since the taxpayer is in the position of a plaintiff asserting a claim for money overpaid, his cause is not materially furthered by proving an arbitrary determination by the Commissioner; he must prove that the assessment was incorrect and that he overpaid. * * * Thus the Court agrees with the Government that an allegation that the Commissioner acted in a capricious manner is not a necessary element of the taxpayer's complaint and production of documents revealing the process of determination would not further a material part of the plaintiff's case."

In that case, the court found, however, the government's claim to be an unusual one which would probably require, on its part, a novel theory of defense, which the court concluded should not be kept secret until the moment of trial. Finding that the letters and reports used in the process of determination would probably clarify the Government's defense, the court found good cause existed for their production to the plaintiffs.

In the instant case, the disallowance complained of rests on a published Revenue Ruling. Plaintiff has shown no special circumstances which require production of documents concerning the process of determination leading to the published ruling, including the working papers of the agent whose recommendation was ultimately embodied in the published Ruling.

■ Thirdly, plaintiff seeks copies of all letters and written memoranda by IRS personnel other than those addressed and mailed to plaintiff which relate to plaintiff's request of February 20, 1950, for a letter ruling. In large measure, if not entirely, this request is directed at any and all intra-agency memoranda and correspondence dealing in any way whatever not with the 1950 ruling itself, but plaintiff's letter of request therefor. No good cause is demonstrated for their production, nor is their relevance shown. We cannot assume that these requirements exist. The only possible relevance is that such documents might show what construction or interpretation the IRS put upon that letter ruling, and we fail to see what rule such facts might play in the preparation of plaintiff's case.

■ Lastly, plaintiff seeks copies of all letters or written memoranda by personnel of the Internal Revenue Service that relate to Revenue Ruling 62–51. The Rule speaks for itself. The basis of such rulings is described in the Introduction to the Internal Revenue Cum. Bulletin:

> "Revenue Rulings * * * are based upon rulings and internal management documents prepared in the various divisions of the National Office, including the Office of the Chief Counsel for the Internal Revenue Service. In the preparation of these, caution is exercised to conceal the identity of the taxpayer, as well as any confidential personal and business information."

The Ruling does not have the force of a Regulation; it merely constitutes a precedent to be used in the disposition of other cases. The ruling merely sets forth the facts and the question raised and the applicable Code provisions from which a conclusion is drawn. We see nothing which justifies plaintiff's attempt to go behind this Ruling, as it were, and scrutinize materials prepared for or utilized in the process leading to the Ruling. Of course, this request is not so limited. However, it is otherwise overbroad and general.

The motion for production is denied.

Counsel for the prevailing party will prepare, circulate and submit an Order not inconsistent herewith.