MALCOLM D. MURPHY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Murphy v. Commissioner
Docket No. 5873-72.
United States Tax Court
T.C. Memo 1975-88; 1975 Tax Ct. Memo LEXIS 289; 34 T.C.M. (CCH) 453; T.C.M. (RIA) 750088; March 31, 1975, Filed *289 Charles J. Sullivan, for the petitioner. Bernard Nelson, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before the Court on petitioner's motion to compel production, inspection and copying of documents pursuant to Rule 72, Tax Court Rules of Practice and Procedure, which was filed on April 8, 1974. Petitioner requested voluntary production of the items subject to this motion by letters dated January 2, 1974 and March 20, 1974. By responses dated February 25, 1974 and March 25, 1974, respondent objected to production of all items sought by petitioner. The statutory notice of deficiency in this case determined Federal income tax deficiencies for the years 1963, 1964 and 1965 in the amounts of $2,065.15, $4,530.15 and $8,672.73, respectively, and additions to tax under section 6653(b) of the Internal Revenue Code of 1954 in the amounts of $1,032.58, $2,265.06 and $4,336.37, respectively. The facts are as follows. A special agent and a revenue agent of the Internal Revenue Service (hereinafter IRS) held four interviews with petitioner on August 31, 1966, September 7, 14 and 20, 1966. Petitioner contends that *290 the agents did not warn him of the scope or nature of the investigation until the conclusion of the fourth interview on September 20, 1966. On January 19, 1970, an indictment was issued against petitioner for criminal tax fraud for the year 1964. Petitioner, on October 14, 1970, entered a plea of guilty and the United States District Court, Southern District of Texas, entered a judgment pursuant to such plea on October 30, 1970. The motion filed herein alleged that evidence obtained by the revenue agent and special agent of the IRS at the four interviews was obtained in violation of petitioner's constitutional rights through and by misrepresentation and/or coercion and/or fraud and/or deceit and/or trickery. The underlying case to which the motion relates deals with alleged civil tax fraud. Petitioner contends that the information requested is a necessary prerequisite to framing and requesting further motions, including (but not limited to) a motion to suppress evidence obtained in the four interviews held in 1966. Petitioner contends that he will prove by the documents requested and by evidence adduced from information contained in said documents that the special agent was required *291 (by the IRS) to give constitutional warnings during the initial visit and therefore the respondent based his determination in the statutory notice upon evidence obtained in violation of his constitutional rights. Petitioner in his motion requests that respondent produce the following materials: 1. The portions of the Manual for Special Agents which set forth the procedures to be followed by the Special Agent at the time the investigation of a taxpayer's return is commenced by the Special Agent and any supplements or additions to said portions of the aforementioned Manual. 2. Any deletions, qualifications, substitutions, explanations, instructions, modifications, directions, transpositions, or restatements of the sections of the Manual for Special Agents as described in paragraph 1. 3. The portions of any and all "Investigation Guides" prepared, used, relied upon, and/or distributed by the IRS in 1965 or 1966 of the type described in the opinion of United States vs. Cymbala, a copy of which is attached to this letter as Exhibit A, which set forth the procedures to be followed by the Special Agent at the time the investigation of a taxpayer's return is commenced by the Special *292 Agent. 4. All IRS News Releases dealing directly or indirectly with procedures to be employed by Special Agents in dealing with taxpayers. 5. All suggestions and/or instructions by the IRS which touch upon, directly or indirectly, procedures or statements to be employed by Special Agents in contacting and communicating with any given taxpayer. 6. Any News Releases of the IRS prior to IRS News Release No. 827, which deals directly or indirectly with procedures and/or statements to be employed by Special Agents in contacting and communicating with a taxpayer whose return is to be examined. 7. The portions of handbooks provided a Special Agent and any supplements or additions to such handbooks which set forth the procedures to be followed by the Special Agent at the time the investigation of a taxpayer's return is commenced by the Special Agent. 8. Any and all deletions, substitutions, instructions, modifications, qualifications, explanations, directions, transpositions or restatements of any such handbooks described in the preceding paragraph. 9. All bulletins or directives issued to Special Agents in respect to the procedures and/or statements to be employed by Special Agents *293 on contacting and communicating with taxpayer whose return is being or is to be examined including any supplements, additions, instructions, deletions, substitutions, modifications, qualifications, explanations, directions, transpositions or restatements of any directives or bulletins issued to Special Agents during any of the aforementioned time periods. 10. Any documents, writings, memoranda, letters or other written, printed, typed, copied or developed materials used, relied upon, prepared by and/or distributed by the IRS or any employee thereof, whether on a national, regional or district basis, which touch upon, whether directly or indirectly, the procedures and/or statements to be employed by Special Agents or other employees of the IRS when contacting taxpayer whose return was being examined. 11. Any documents, inter-office memoranda, requests for opinions of the legal staff of the IRS, letters or other printed, typed, copied or developed materials used, relied upon, prepared by and/or distributed by the IRS or any employee thereof which deals directly or indirectly with the effects of the Miranda decision on the procedures employed by IRS agents when contacting any *294 given taxpayer. Your attention is invited to the statement of Judge Sobeloff in United States v. Browney, 421 F. 2d 48 (4th Cir. 1970) which indicated that the IRS adopted a procedure after June 13, 1966 whereby by at least July 11, 1966 Special Agents must advise taxpayers of the full Miranda warnings, a copy of such opinion being attached hereto as Exhibit B. See p. 49 for description of notice given and p. 52 where Judge Sobeloff states the IRS rule. 12. All information contained in the files of the IRS which indicate that Mr. Malcolm D. Murphy's case was referred to the IRS by an informer including but not limited to any statements contained on a referral report for potential fraud cases which so indicates. As we read petitioner's motion, he is requesting production of documents which will establish IRS rules and regulations as in existence during the period August 31, 1966 through September 20, 1966, concerning the issuance of constitutional warnings by special agents upon initial contacts with taxpayer. He contends that upon proof (at the trial) of the failure to follow such rules by the special agent in this case, this Court will be required to find any evidence *295 so obtained was in violation of his rights under the Fourth and Fifth Amendments of the Constitution of the United States. Petitioner does not contend that violations of his constitutional rights was the result of a failure by respondent to give warnings as required under Miranda v. Arizona,384 U.S. 436 (1966). Both the Fifth Circuit, to which appeal lies in this motion, and this Court have held that Miranda warnings are not required in noncustody situations. Agoranos v. United States,409 F. 2d 833 (C.A. 5, 1969), certiorari denied 396 U.S. 824 (1969), and John Harper,54 T.C. 1121 (1970). We first consider two general arguments raised by respondent which he contends present sufficient grounds for denial of the motion in its entirety. Respondent's first contention is that the request for documents does not give a description of items or categories with reasonable particularity. Documents, to be produced, must be described with reasonable particularity. United States v. National Steel Corporation,26 F.R.D. 607 (S.D.Tex. 1960). A motion, however, need not be sufficiently specific to *296 enable a person requested to produce documents to go to its files and say "here it is." Hawaiian Airlines v. Trans-Pacific Airlines,8 F.R.D. 449 (D.C.Hawaii 1948). We recognize that the motion in this case, on its face, is somewhat vague and very broad. Any vagueness present in the motion, however, is clarified by the briefs offered by petitioner. In other words, it is clear that petitioner's argument is that a failure on the part of the special agent in this case to follow the procedures, rules and regulations of the IRS with regard to constitutional warnings to be given during an initial interview resulted in a violation of his Fourth and Fifth Amendments rights. Leaving aside questions regarding the vagueness and broadness of particular portions of the motion, we hold that the motion, in its entirety, is not so vague and broad that respondent cannot produce some of the documents requested therein. Respondent's second contention is that any documents which contain procedures would be entirely irrelevant to the instant civil tax proceeding. Respondent apparently contends that, even if petitioner's motion to produce all of the documents requested were granted, *297 he would not be entitled to any relief resulting from such documents. If proof of the allegations made by petitioner would be immaterial to resolution of the present case, he would not be warranted in any attempts to compel the production of any documents sought to establish such allegations. Greenberg's Express, Inc.,62 T.C. 324 (1974). Petitioner contends that the alleged failure of the special agent in this case to follow the rules and procedures of the IRS regarding constitutional warnings resulted in an unreasonable search under the Fourth Amendment. He further contends that silence on the part of the special agent when required to speak resulted in fraud and is the basis of such violation. Although no court has specifically faced the issue as raised by petitioner, we note that the recent trend of cases in the Fifth Circuit and elsewhere provide some support for petitioner's position. See United States v. Prudden,424 F. 2d 1021 (C.A. 5, 1970), and United States v. Bland,458 F. 2d 1, 8 (C.A. 5, 1972), wherein the Fifth Circuit stated that "* * * we might be willing to accept that the Special Agent's silence in circumstances *298 where the Internal Revenue Service had imposed a duty upon him to speak was a misrepresentation, * * *." See also United States v. Robson,477 F. 2d 13 (C.A. 9, 1973), United States v. Leahey,434 F. 2d 7 (C.A. 1, 1970), and United States v. Heffner,420 F. 2d 809 (C.A. 4, 1969). Resondent argues that these cases are not applicable to the present situation because they involved criminal tax proceedings. This Court, however, has held that protections encompassed in the Fourth Amendment are applicable to civil tax proceedings. Efrain T. Suarez,58 T.C. 792 (1972), and Estate of Millard D. Hill,59 T.C. 846 (1973). Without deciding the issues of whether failure of a special agent to comply with IRS procedures results in fraud or misrepresentation and violates the Fourth Amendment or whether such violation would be held applicable to the present civil action, we hold that production of some of the requested documents would not be immaterial to resolution of the instant case. With regard to this argument, respondent also contends that this Court cannot inquire into the procedures of the *299 IRS in determining a deficiency. As a general rule this Court will not look beyond a deficiency notice to examine respondent's procedure in making his determinations. Estate of David Smith,57 T.C. 650, 656 (1972), on appeal (C.A. 2, Apr. 25, 1974). When, however, a case involves a possible violation of constitutional rights the general rule is not applicable. Efrain T. Suarez,58 T.C. 792 (1972). We next consider the separate requests of petitioner's motion individually. The documents which petitioner has requested are listed in 8 paragraphs of his motion as listed above. Petitioner requested production of documents for the period on or prior to June 13, 1966 through September 20, 1966. The production of documents as ordered below by this Court is limited to the period August 31, 1966 through September 20, 1966 because this is the period covered by the four interviews. Petitioner's contention in this motion is based on the assumption that, at the time of the interviews held in 1966, the IRS had adopted rules and regulations requiring special agents to give warnings upon contact with taxpayers. The only period relevant for a determination of this *300 contention is that period during which the interviews took place. We direct the following actions on each paragraph of the motion as follows: 1. Granted as to that portion of the Internal Revenue Manual (hereinafter Manual), in existence during the time period specified, which relates to constitutional warnings required to be given by special agents upon initial contact with taxpayers under investigation. We note that the Sixth Circuit has recently required disclosure of portions of the Manual under the Freedom of Information Act. Hawkes v. United States, F. 2d (C.A. 6, 1974), 75-1 U.S.T.C. [*] 9129, 35 A.F.T.R. 2d 75-475. We further note that the current portions of the Manual concerning warnings to be given by special agents has been voluntarily disclosed by the IRS. See Internal Revenue Manual, Tax Analysts & Advocates, Part IX and X, Intelligence--Inspection, [*] 9384.-9384.2. 2. Denied. To the extent that his request deals with the Manual as in existence during the applicable period, it is covered by the decision under paragraph 1 above. To the extent that this request goes behind the Manual--i.e., to scrutinize materials prepared for *301 or utilized in the process leading to the portion of the Manual in question--it is not relevant to the issue as framed. Petitioner has shown no justification for going beyond the IRS rules and regulations as in effect during the specified period. See Southwest Grease & Oil Co. v. United States,44 F.R.D. 456 (D.Kan. 1968). 3. Granted as to those portions of any and all "Investigation Guides," within the district in which petitioner was located and during the specified period, which deal specifically with any warnings special agents are required to give in their initial interviews with taxpayers. 4. Granted regarding any IRS news releases issued during the period specified dealing directly or indirectly with warning procedures to be employed by special agents. 5. Granted as to suggestions and/or instructions by the IRS, during the period specified, concerning issuance of constitutional warnings by special agents to taxpayers. See Robins & Weill, Inc. v. United States,63 F.R.D. 73 (M.D.N.C. 1974). 6. Denied on the basis that this information is merely repetitious of the information requested and allowed in 4 above. 7. Granted as to *302 those portions of the handbooks, during the period specified, which concern warnings required to be given by special agents upon initial contact with taxpayers under investigation. 8. Denied. To the extent this request deals with the handbooks as in existence during the applicable period, it is covered by paragraph 7 above. To the extent this request goes behind the handbooks, it is denied for the reasons discussed in paragraph 2 above. 9, 10 and 11. Denied. We note first that these paragraphs are overbroad and general. Furthermore, petitioner has failed to prove that the information requested is relevant to a determination of the issue as framed by him. The information requested by petitioner would, at best, show the process under which the IRS determined or changed its procedures with regard to warnings and would add nothing to the proof of what such procedures are. See Southwest Grease & Oil Co. v. United States,supra.Petitioner's position is that respondent's adoption of procedural rules on warnings, not Miranda warnings per se, require IRS special agents to give specific warnings. Therefore, documents which deal with the effects of the Miranda *303 decision on the procedures of the IRS are not relevant. We emphasize that the basic purpose of discovery is to reduce surprise by providing a means for the parties to obtain knowledge of all the relevant facts. What is relevant is the factual information which may either reveal evidence that will be admissable at the trial or lead to the discovery of such evidence. Mental impressions, legal analysis, conclusions, and recommendations are generally not relevant. P.T. & L. Construction Company,Inc., 63 T.C. (1974). 12. Denied. In Roviaro v. United States,353 U.S. 53 (1957), the Supreme Court held that there is an "informer's privilege" which allows the government to withhold the identity of an informer for the purpose of the furtherance and protection of the public interest in effective law enforcement. The scope of this privilege is limited, however, and it must give way when disclosure of the identity or of communications with the informer are relevant and helpful to the defense of the party or are essential to a fair determination of a case. In the present case petitioner has failed to show any need for information concerning the alleged informant. *304 Petitioner's position is based upon the contention that a special agent is required to give certain warnings upon initial contact with taxpayer. The fact that the investigation of petitioner may have been initiated by virtue of information from an informant has no relevancy to warnings required to be given (if any) by special agents. Petitioner has therefore not overcome the government's privilege. An appropriate order will be entered.