**UNITED STATES v. SCHINE CHAIN THEATRES, Inc., et al.**

Civil No. 223.

District Court, W. D. New York.

Feb. 5, 1942.

See, also, 1 F.R.D. 205; 31 F.Supp. 270.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., Herbert Borkland, Sp. Asst. to Atty. Gen., and Seymour Simon, Sp. Atty., of Brooklyn, N. Y., for petitioner.

Willard S. McKay, of New York City, and Penney & Penney, of Buffalo, N. Y., for defendants Schine.

Schwartz & Frohlich, of New York City, for Columbia Pictures Corporation.

O'Brien, Dirscoll & Raftery, of New York City, for United Artists Corporation.

Charles D. Prutzman, of New York City, for Universal Pictures Co., Inc.

KNIGHT, District Judge.

This is a motion for an order pursuant to Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an inspection by the plaintiff of certain documents claimed to constitute or contain evidence material to matters involved in this action. The motion is supported by the affidavit of a "Special Attorney" for the plaintiff. The documents sought to be procured for inspection are, or may be, extremely numerous and extensive. In effect, the production of every writing in the possession of the defendant Schine relative to transactions between it and the so-called major film distributors is sought.

The defendants object to this motion upon several grounds:

1. That the documents sought are not described with sufficient particularity to enable anyone to identify those intended, also as to enable the Court to decide their materiality;

2. That it is not made to appear that any document sought is material to any matter involved in the action;

3. That the production of the documents would involve unreasonable labor and expense on the part of Schine;

4. That it is not made to appear that any particular document is in the possession of the defendant Schine or is in existence.

Rule 34 requires that the moving party show good cause; that the documents sought shall be designated; that such documents so designated contain evidence material to the matters involved in the action. The moving affidavit sets out the material matters contained in the complaint charging a conspiracy between the defendant Schine and other film exhibitors and producers. It also sets forth certain things which the government intends to prove to establish the allegations of the complaint.

This motion puts to the test the full and comprehensive construction of Rule 34. No case has been brought to my attention in which such broad coverage through discovery has been sought. The government without specification of any particular documents, generally speaking, asks discovery of "All interoffice memoranda, correspondence, and other written communications, and all memoranda, correspondence, and other written communications with other major film distributors" with respect to negotiations or performance of agreements had by the several defendants with major film distributors over a period of nine years and concerned with many moving picture theatres in many different locations; the same discovery for the same period of time relative to the opening or closing of theatres at numerous towns, operating policy of theatres, purchase of leases of theatres; the remodeling, demolition, and construction of theatres, all having reference to numerous locations and many individuals; and also all agreements relative to non-engagement' in the operation of motion picture theatres, covering a period since 1931.

As stated, the complaint charges conspiracy, and specially on this account the Court realizes the obligation to construe Rule 34 liberally.

The justification for a discovery of documents connected with the matters aforesaid is sufficiently shown by the complaint and the supporting affidavit. The matters to which this application is directed may relate or be material to the subject matter of this suit, and that is sufficient in so far as a showing of cause for the issuance of the order for discovery is concerned.

However, it seems to me that the documents purported to be sought are not sufficiently designated, and it is not made to appear that any such documents are in the possession of the defendants or are in existence. It is urged that the defendants will be required to go to great labor and expense to meet the requests. The Court is not persuaded by the argument based on this.

The plaintiff directs attention to three cases as indicating three lines of thought regarding Rule 34. These are: Sonken-Galamba Corp. v. Atchison, T. & S. F. Ry. Co., D.C., 30 F.Supp. 936; United States v. Aluminum Co. of America, D.C., 26 F. Supp. 711; and Beler v. Savarona Ship Corp., D.C., 26 F.Supp. 599. It is not believed that these cases indicate separate lines of thought, but that is immaterial. In the Sonken-Galamba case [30 F.Supp. 937] Judge Otis did say that the motions there called "for 'all' documents, satisfying a certain general description, coming to the defendants during periods of years * * *." This language is descriptive of the requests made here. The language of the opinion is applicable. The Aluminum case was concerned with the question of the right to inspect documents brought in under subpoena until it was determined that they constituted or contained material evidence, and the court simply decided to examine the documents separately and pass on their materiality. The question of materiality would come up here only after the order for discovery had been granted. In the Beler case all that Judge Moscowitz held was that "It is sufficient that the party seeking discovery establish that it is reasonably probable that the documents sought to be examined constitute or contain material evidence." This decision went to the question of materiality of the evidence only.

In the instant case suit was brought against the present defendants and other certain "major film distributors." A consent decree has been entered as to these latter and accordingly they have been dismissed as defendants. It appears that the government has already had access to documents and records of these major film distributors which will, it is believed, coupled with knowledge which the government may reasonably be supposed to have, enable the government to specify with greater particularity the documents now sought to be obtained through discovery. Further, the answers heretofore interposed by the defendants to interrogatories on behalf of the government aid the latter in such specification.

In Welty v. Clute, D.C.W.D.N.Y., 29 F. Supp. 2, and 2 F.R.D. 429, decided by this Court December 19, 1939, it was held that motion for discovery was not sufficiently explicit. There was there no sufficient showing that the documents were in the possession of the parties to whom the motion was directed. That case involved transactions with a single institution, and the facts are hardly comparable here, but I adhere to the general statement of the rule therein made.

It seems to me that the requests are too broad. They do seek the discovery of "all memoranda." Were this request limited to the books of the company and the records of meetings of the company, I am of the opinion that they could be sufficient under the circumstances shown. It is further to be said that through the extensive answers to the interrogatories already given some information is furnished whereby the plaintiff is enabled to specify more particularly the discovery sought than now shown.

The plaintiff cites Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 290, 72 L.Ed. 500, in support of its position that the papers are "designated" with the requisite particularity. That case involved the effect of a subpoena duces tecum. It was there said that Brown had theretofore produced before the grand jury the documents sought through a subpoena duces tecum and that: "This is equivalent to a demonstration that the description contained in the subpoena was sufficient to enable Brown to know what particular documents were required and to select them accordingly. Having produced them once without difficulty and without undue interference with the affairs of the association, so far as appears, there is no reason why he should not produce them again in response to another subpoena identical in terms." We are here concerned with the particular rule which has the force of statute which requires that the moving party shall "designate" the documents and that, as I view it, has not been done here.

Plaintiff, of course, still has the remedy through a subpoena duces tecum to require the production of the documents sought herein. It further has the recourse to depositions.

The motion must be denied, with, however, the right to the plaintiff to renew upon further showing.