UNITED STATES v. UNITED STATES ALKALI EXPORT ASS'N, Inc., et al.

Civ. 24–464.

District Court, S. D. New York.

Nov. 7, 1946.

See also 7 F.R.D. 254.

Jas. C. Wilson, Sp. Asst. to Atty. Gen., for the U. S.

Leland Hazard, of Pittsburgh, Pa., and many others, for defendants.

RIFKIND, District Judge.

Plaintiff moves under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, for an order requiring 11 named defendants to produce and to permit plaintiff to inspect and to copy certain documents.

The complaint charges violations of section 1 of the Sherman Act, 15 U.S.C.A. § 1. Plaintiff seeks to enjoin agreements and combinations alleged to be in restraint of trade. The products covered by the complaint are generally referred to as alkalis.

The main ground for opposing the motion is the claim that plaintiff has failed to comply with Rule 34 in that plaintiff has not sufficiently "designated" the documents to be produced, inspected and copied.

Most of the decided cases, including those of this district, seem to hold that Rule 34 requires that each document sought to be produced must be designated specifically with reasonable particularity. A request for all documents in the possession of an adverse party relating to a particular matter is not sufficiently specific to come within the requirement of Rule 34. In many of these cases, the courts have suggested that where a moving party is unable to "designate" the documents wanted, he may resort to making a motion pursuant to Rule 26 which permits the taking of testimony by deposition "for the purpose of discovery" regarding "the existence, description, nature, custody, condition, and location of any books, documents, * * *", or pursuant to Rule 33 which has been construed to permit the use of written interrogatories also for the purposes of discovery. Kingsway Press, Inc. v. Farrell Pub. Corp., D.C.S.D.N.Y., 1939, 30 F.Supp. 775. The information which the moving party obtains under Rule 26

or Rule 33 can then be used upon a motion brought under Rule 34 to "designate" properly the documents sought to be produced. Callen v. Pennsylvania R. Co., D.C.E.D. Pa.1946, 5 F.R.D. 83, 84; Hillside Amusement Co. v. Warner Bros. Pictures, Inc., S.D.N.Y., 1944, 7 F.R.D 260; Stewart-Warner Corp. v. Staley, D.C.W.D.Pa., 1945, 4 F.R.D. 333, 335, 336; United States v. American Optical Co., D.C.S.D.N.Y., 1942, 2 F.R.D. 534, 536; United States v. Schine Chain Theatres, Inc., D.C.W.D.N. Y., 1942, 2 F.R.D. 425; Lever Bros. Co. v. Proctor & Gamble Mfg. Co., D.C.Md., 1941, 38 F.Supp. 680, 684.

The minority view seems to be that "it is more the purpose of the rule that definite matters which are material and about which information is desired be designated rather than certain books be designated which may or may not contain the information desired". United Mercantile Agencies v. Silver Fleet Motor Express, Inc., D.C.W.D.Ky., 1941, 1 F.R.D. 709, 712.

Furthermore, Rule 34 "is a direct and simple method of discovery. It may be less cumbersome than depositions and interrogatories. I consider Rule 34 to be independent of Rules 26, 30 and 31, and that it is not necessary for a person first to proceed under the last named Rules before resorting to Rule 34". Olson Transportation Co. v. Socony-Vacuum Oil Co., D.C.E.D.Wis., 1944, 7 F.Supp. 134.

I am inclined to follow the latter view and to abandon the practice I have previously favored; Hillside Amusement Co. v. Warner Bros. Pictures, Inc., supra.

The Federal Rules of Civil Procedure were adopted "to secure the just, speedy, and inexpensive determination of every action". Rule 1. They were intended to introduce the simplest procedure for securing evidence to be presented to the court. Simplicity of procedure would compel the elimination of unnecessary steps. Under any circumstances, the party whose documents are sought must, in the first instance, be presented with a categorical description of documents, be it in a motion under Rule 34, interrogatories under Rule 33, or depositions under Rule 26. Proceed-

ing initially under Rule 34 has the virtue of simplicity and directness. That the framers of the Rules must have intended that Rule 34 would serve as an appropriate vehicle for uncovering the particular documents desired is supported by the heading of Rule 34 which speaks of "Discovery and Production of Documents * * *.

My conclusion as to the meaning of "designated" in Rule 34 is supported by the "Report of Proposed Amendments to Rules of Civil Procedure", issued by the Advisory Committee on Rules of Civil Procedure, dated June 14, 1946, and submitted to the Justices of the Supreme Court.

At page 53 of the report, the Committee states: "An objection has been made that the word 'designated' in Rule 34 has been construed with undue strictness in some district court cases so as to require great and impracticable specificity in the description of documents, papers, books, etc., sought to be inspected. The Committee, however, believes that no amendment is needed, and that the proper meaning of 'designated' as requiring specificity has already been delineated by the Supreme Court. See Brown v. United States, 1928, 276 U.S. 134, 143, 48 S.Ct. 288, 72 L.Ed. 500 * * *; Consolidated Rendering Co. v. Vermont, 1908, 207 U.S. 541, 553, 554, 28 S.Ct. 178, 52 L.Ed. 327, 12 Ann.Cas. 658 * * *".

In the Brown case, a subpoena duces tecum, containing no ad testificandum clause, commanding an association of manufacturers to produce for the Grand jury "all letters or copies of letters, telegrams or copies of telegrams, incoming and outgoing, passing between" it and its predecessor, their officers and agents, and the several members of the association and its predecessor, for a specified period of almost two and a half years, "relating to the manufacture and sale of case goods, and particularly with reference to—

"(a) General meetings of Alliance [manufacturers association];

"(b) Zone meetings of Alliance members;

"(c) Costs of manufacture;
    *    *    *    *    *    *

"(r) Manufacturers maintaining a fair margin of profit between cost prices and selling prices", was held to specify, "with reasonable particularity, the subjects to which the documents called for relate," and not too broad.

Time and again we are reminded that one of the objectives of the Federal Rules is to simplify procedure, and, more particularly, we are enjoined to interpret Rule 34 liberally. June v. George C. Peterson Co., 7 Cir., 1946, 155 F.2d 963, 967; Monarch Liquor Corp. v. Schenley Distillers Corp., D.C.N.D.N.Y., 1941, 2 F.R.D. 51.

Particularly is that so where the complaint alleges a conspiracy, as it does in this case. United States v. Schine Chain Theatres, Inc., D.C.W.D.N.Y.1942, 2 F.R. D. 425, 427; Olson Transportation Co. v. Socony-Vacuum Oil Co., D.C., E.D.Wis. 1944, 7 F.Supp. 134.

Each of the 11 defendants named in the motion are members of defendant U. S. Alkali Export Association, Inc. (referred to as Alkasso).

We now come to a consideration of the individual items set forth in the motion papers.

As to item I: Plaintiff seeks to have defendants produce "such records, documents, or lists" as will reveal the location of the operating facilities of defendants and their subsidiaries, and also the location of all their existing records. Such information can more properly be obtained by the use of interrogatories under Rule 33, or depositions under Rule 26. It is clear that plaintiff has misconstrued the function of Rule 34. In the motion papers, plaintiff states that copies of any paper should be produced only where originals are not available, "except for lists which are prepared by the [defendants] specifically to furnish data described herein". Rule 34 is to be used to call for the production of documents already in existence, and in the possession or control of an adverse party, and not to require an adverse party to prepare a written list to be produced for inspection. This item is denied.

As to item II: Plaintiff seeks to have defendants produce "such records,

documents, or lists" as reveal the identity of all of the defendants' directors and employees who have served as such for Alkasso. This item is denied for the reasons set forth under Item I.

As to item III: Plaintiff seeks all defendants' reports to stockholders which relate or refer to alkalis from January 1, 1917 to June 30, 1946. Alkasso was organized in 1919. The acts complained of began in 1924. Under the circumstances, this item is granted, except that the period is limited to one beginning January 1, 1923.

As to item IV: This item seeks information about production, consumption and sales of alkalis by the named defendants. This item is denied for the reasons set forth under Item I. As to subdivisions (4) and (7), the words "price data" seem too indefinite.

As to item V: This item calls for the production of all letters, telegrams, memoranda, reports, minute books, etc., referring or relating to eight general fields of inquiry, including the importation of alkalis, price and marketing policies, etc. This item is granted, except that the period is limited to one beginning January 1, 1923.

As to item VI: This item is similar to item V, except that it refers to nine different fields of inquiry, including the exportation of alkalis, price and marketing policies, etc. This item is granted, except that the period is limited to one beginning January 1. 1923.

As to item VII: This item calls for all contracts and agreements between any of the defendants and others referring or relating to the importation and exportation of alkalis, price and marketing policies, refusals to sell, allocation of quotas for export, etc. This item is granted, except that the period is limited to one beginning January 1, 1923.

As to item VIII: This item calls for all letters, telegrams, etc. passing between each of the defendants and Alkasso which refer or relate to the production, sale or distribution of alkalis by each of the defendants, or to the availability or non-availability of technical information on the production of alkalis. This item is granted, except that the period is limited to one beginning January 1, 1923.

Settle order on notice.