## PALENSAR v. ISTHMIAN S. S. CO.

United States District Court
S. D. New York.
May 7, 1951.

Robert Emmet Connolley, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

WEINFELD, District Judge.

■ Since the vessel on which plaintiff was allegedly injured is no longer in the possession, custody or control of the defendant as contemplated by Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., plaintiff's request to take photographs of the vessel must be denied. If defendant possesses such photographs, it is directed that they be produced; if not, a statement shall be served ·upon plaintiff's attorney within ten (10) days after service of a copy of this order with notice of entry, setting forth that defendant is not in possession of such photographs.

■ Defendant contends that plaintiff's attorney has examined the smooth and rough logs at the taking of defendant's deposition. However, the relief now sought is quite different—plaintiff now seeks permission to take photostats and make extracts from the logs. This is neither burdensome nor oppressive to the defendant. This aspect of the motion is, therefore, granted.

■ Plaintiff is entitled to the production of formal accident reports prepared by the captain and other officers. Such reports are to be distinguished from witnesses' statements and may be produced as having been made as part of their duties as officers of the vessel. Mulligan v. Eastern S.S. Lines, D.C., 6 F.R.D. 601; Bifferato v. States Marine Corporation of Delaware, D.C., 11 F.R.D. 44.

■ The request for production of witnesses' statements is denied. No showing of good cause has been made as required by Rule 34. Plaintiff does not contend that the witnesses are unavailable for the purpose of taking their depositions. Defendant has consented to furnish the names and addresses of such witnesses and this should suffice. The defendant within 10 days after the service of a copy of this order with notice of entry shall serve upon plaintiff's attorney a list setting forth such information. If after the exercise of due diligence plaintiff is unable to obtain their depositions, he may move upon a showing of good cause for the production of the statements of these witnesses.

■ Plaintiff's request for the production of his own statement is denied. Bifferato v. States Marine Corporation of Delaware, supra; Safeway Stores, Inc., v. Reynolds, 85 U.S.App.D.C. 194, 176 F. 2d 476.

Settle order on notice.