SAGORSKY et al. v. MALYON.

United States District Court
S. D. New York.
May 31, 1952.

Rein, Mound & Cotton, New York City, Paul D. Compton, New York City, of counsel, for plaintiffs.

Mendes & Mount, New York City, for defendant.

WEINFELD, District Judge.

The papers in the instant case do not support any charge that the "sole," "primary" or "real" purpose in commencing this action was to use the deposition procedure in the State Court suit. Bachrach v. General Investment Corp., D.C., 31 F. Supp. 84; Empire Liquor Corp. v. Gibson Distilling Co., D.C., 2 F.R.D. 247; DeSeversky v. Republic Aviation Corp., D.C., 2 F.R.D. 183.

The fact that another action is pending in the New York State Supreme Court between the same parties and on the same cause of action does not, in the absence of a showing of bad faith in instituting this Federal Court action, deprive a plaintiff of the right to avail itself of the deposition-discovery procedure under the Federal Rules of Civil Procedure. See Mottolese v. Kaufman, 2 Cir., 176 F.2d 301, where, although the Federal suit was stayed, the right to conduct the examination under the Federal Rules was expressly preserved.

The notice is valid since Rule 26, 28 U.S.C.A., permits the examination of "any person" and nothing in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, prevents the taking of the deposition of an attorney for a party. Jenkins v. Pennsylvania R. Co., D.C., 9 F.R.D. 297. The notice is sustained subject to the right of the attorneys to claim the attorney-client privilege where required during the course of the examination.

The defendant concentrated its attack on its application to vacate the notice but made no reference to the subpoena duces tecum served upon the attorneys pursuant to Rule 45(d), and which required them to produce upon the deposition written statements of witnesses taken during the course of investigation and also written memoranda of oral statements of witnesses as well as written and oral reports of investigations conducted by the defendant's attorneys. Ordinarily, the statements, reports and memoranda which are listed in the subpoena would be the subject of a discovery motion under Rule 34, which requires a showing of good cause, but the requirements of the latter Rule with respect to good cause are also to be read into Rule 45(d). 5 Moore's Federal Practice, Second Edition, 45.07, p. 1730; 45.05(2), pp. 1722–1723. Plaintiffs have failed to make a showing of good cause sufficient to warrant a production of these items. There is no showing that efforts have been made by plaintiffs to secure the information or any other fact or circumstance which would establish good cause or why they are entitled to rely upon their adversary's preparation for trial. Bifferato v. States Marine Corporation of Delaware, D.C., 11 F.R.D. 44, 47.

The defendant is directed to serve upon plaintiffs' attorneys within five days a list of names and addresses of all witnesses whose statements it has or who have been interviewed. If plaintiffs, after diligent effort, fail to obtain statements from such witnesses, they may again move upon a showing of good cause for the production of the items requested. Palensar v. Isthmian S. S. Co., D.C., 11 F.R.D. 552.

The subpoena duces tecum is vacated.

Settle order on notice.