**SOETAERT**

v.

**KANSAS CITY COCA COLA BOTTLING CO.**

No. 8747.

United States District Court,
W. D. Missouri, W. D.

July 28, 1954.

James P. Aylward, George V. Aylward, James P. Aylward, Jr., Kansas City, Mo., for plaintiff.

Ilus W. Davis, William J. Burrell, Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

Plaintiff, an eight-year-old girl, brings this action, by next friend, for damages for a bodily injury sustained by her when a bottle of Coca-Cola, which she was placing in the refrigerator in her home, is alleged to have "exploded" and a fragment

or fragments of the glass bottle pierced the cornea of her left eye.

After answering; defendant moved, under Rule 34 of Federal Rules of Civil Procedure, 28 U.S.C.A., for an order requiring plaintiff to produce said bottle and all fragments thereof and to permit defendant to submit the same to Dr. Oscar G. Fryer, of Drury College, at Springfield, Missouri, for his examination and photographing. Plaintiff resisted the motion upon the grounds (1) that good cause for production was not shown, and (2) that she should not be required to surrender possession of the bottle and fragments, nor suffer their being taken out of her possession and sent to Springfield, Missouri for inspection and photographing. The then judge of this court sustained the motion, but on terms that the inspection be made in Kansas City and in the presence of representatives of the plaintiff, but nothing was said in the order concerning the preparation by the examiner of the bottle and fragments of a report of findings, nor concerning the delivery of a copy to the plaintiff.

It appears that Dr. Fryer examined the broken bottle and its fragments at the office of plaintiff's attorneys in Kansas City on February 6, 1954.

Plaintiff has now moved, under Rule 34 of Federal Rules of Civil Procedure, for an order requiring defendant to produce for inspection and copying "a copy of the report of the examination made * * * by Dr. Oscar G. Fryer * * * at the office of plaintiff's attorneys on or about February 6, 1954", and contends that "good cause" exists and is shown for such production of such report, and that it is not privileged. Defendant objects to the motion upon the ground that Rule 34, unlike Rule 35 respecting physical and mental examinations of persons, does not provide for the preparation of a written report of inspection of a *physical object,* produced for inspection under said rule, nor for delivery of a copy to the adverse party, and that Rule 34 is exclusive upon the subject, and absent, as here,

any direction in that rule for the preparation or delivery to the adverse party of a written report, in such circumstances, the court would be without lawful power to order production of such a report even if it be in, or hereafter come into, existence and into defendant's custody. But defendant also says in its objections—and this presents the crucial matter—that "Defendant does not have in its possession, custody or control any report of any such examination, and to the best of this defendant's knowledge and belief no such report has even been made", and that statement is supported by an affidavit of defendant's counsel.

This presents the matter now before me for decision.

Great as is the temptation to decide the issue of whether the court has power, under Rule 34, to require the examining party to produce, for inspection and copying, a copy of a written report of the findings of his expert employed to examine a physical object, in these circumstances, I am precluded from doing so because I am met at the threshhold with an affidavit saying that the defendant does not have any such report in its possession, custody or control and that no such report has ever been prepared or made.

■■ Rule 34 cannot be used to require the adverse party to prepare, or cause to be prepared, a writing to be produced for inspection, but can be used only to require the production of things in existence. United States v. United States Alkali Export Ass'n, D.C.S.D. N.Y., 7 F.R.D. 256; Tobin v. WKRZ, Inc., D.C.W.D.P.A., 1952, 12 F.R.D. 200; Mullen v. Mullen, D.C.Alaska 1953, 14 F.R.D. 142. Inasmuch as there is no showing by the plaintiff of the existence of a report by Dr.Fryer, and the defendant affirms, and its counsel swears, that defendant does not have such a report, nor any knowledge that such a report has ever been made by Dr. Fryer, it follows that I cannot, in the present state of affairs, sustain plaintiff's motion, for I cannot

order produced something not shown to exist.

Plaintiff's remedy, in my view, at least preliminarily, is to take Dr. Fryer's deposition upon oral examination under Rule 30.

It follows that plaintiff's motion to require defendant to produce a report of Dr. Fryer, not shown to exist, should be denied, but without prejudice.

It is therefore Ordered and Adjudged by the Court that plaintiff's motion to require defendant to produce is hereby denied, but without prejudice.