**UNITED STATES of America,**
**Plaintiff,**

v.

**NATIONAL STEEL CORPORATION,**
**Stran-Steel Corporation, Metallic Building Company, Brinkley B. Brown, Charles R. McDaniel, and Gilbert Leach, Defendants.**

**Civ. A. No. 13032.**

United States District Court
S. D. Texas,
Houston Division.

Dec. 16, 1960.

See also 26 F.R.D. 599; 26 F.R.D. 603.

Allen A. Dobey and John C. Fricano, Attys., Dept. of Justice, Washington, D. C., and William B. Butler, U. S. Atty., and Norman W. Black, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Baker, Botts, Andrews & Shepherd (Denman Moody and C. Brien Dillon), Houston, Tex., and Thorp, Reed & Armstrong (William C. O'Neil), Pittsburgh, Pa., for defendants National Steel Corp., Stran-Steel Corp. and Metallic Building Co.

Fulbright, Crooker, Freeman, Bates & Jaworski (B. J. Bradshaw), Houston, Tex., for defendants Brinkley B. Brown, Charles R. McDaniel and Gilbert Leach.

INGRAHAM, District Judge.

Plaintiff, United States of America, brings an action under 15 U.S.C.A. § 18 (Section 7, Clayton Act), against National Steel Corporation ("National"), Stran-Steel Corporation ("Stran-Steel"), Metallic Building Company ("Metallic"), and three individuals. The alleged violation grew out of the purchase of control of Metallic by Stran-Steel. Plaintiff, pursuant to Fed.Rule Civ.Proc. 34, 28 U.S.C.A., moves the court for an order requiring corporate defendants to produce and to permit plaintiff to inspect and copy certain documents in defendants' possession. The relevant portion of Fed.Rule Civ.Proc. 34 reads:

> "Upon motion of any party *showing good cause therefor* * * * the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any *designated* documents * * * not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26 (b), and which are in his possession, custody, or control * * *." (Emphasis supplied.)

Corporate defendants oppose this motion on these grounds: (1) plaintiff has failed to show the "good cause" required by Rule 34; and (2) plaintiff has failed

to satisfy the requirement of Rule 34 that the documents sought must be specifically designated. Defendants' objection on the ground of inadequate designation of documents requires a fuller exposition. Defendants argue that plaintiff has enumerated in very broad, catch-all language thirty-one all-inclusive categories of documents. Corporate defendants point out that in twenty-five of the thirty-one categories "all" of the documents in the general areas are demanded, and in the remaining six categories "each" or "any" of such documents are demanded. Defendants cite a line of decisions under Rule 34 allegedly rejecting similar attempts to use such generalized language. Defendants would have the court adopt the standard of designation required by Judge Woolsey in United States v. American Optical Co., D.C.S.D. N.Y.1942, 2 F.R.D. 534. The court stated in 2 F.R.D. at page 536:

> "I hold that such designation in a motion under Rule 34 must be sufficiently precise in respect of each document or item of evidence sought to enable the defendant to go to his files and, without difficulty, to pick the document or other item requested out and to turn to the plaintiff saying 'Here it is'."

Plaintiff claims it has shown "good cause" in that all the documents sought will serve to aid in the preparation of its case, for they contain material relevant to the subject matter of the action. In the language of this court in Gulf Construction Co. v. St. Joe Paper Company, D.C.S.D.Tex.1959, 24 F.R.D. 411, 414, plaintiff is arguing that production of these documents will necessarily serve "to narrow and clarify the basic issues, claims, and contentions between the parties". Relevancy is thought present in that the documents sought should contribute to showing the probable effect on competition in prefabricated metal buildings resulting from the acquisition of a controlling interest in Metallic by Stran-Steel. As for designation plaintiff says

identification by categories, defined with reasonable particularity, is sufficient. A reasonable man would know what documents plaintiff seeks. Plaintiff urges rejection of the standard of Judge Woolsey, recited supra.

Fed.Rule Civ.Proc. 34(1) requires a showing of "good cause" before discovery under its provisions will be granted. Nevertheless, Rule 34 is an integral part of the comprehensive discovery scheme of the Federal Rules of Civil Procedure. Therefore, a liberal construction is preferable. 2 Barron & Holtzoff, Federal Practice and Procedure, Sec. 793 (1950). The determination of what constitutes "good cause" rests largely in the discretion of the court. 4 Moore's Federal Practice, Sec. 34.08 (2d Ed.1950). What constitutes "good cause" is decided on the facts of each individual case, for precedents help little in this area. As was indicated at length in the opinion of this court concerning plant inspection, dated October 25, 1960, 26 F.R.D. 603, considerations of practical convenience are of major importance. An excellent definition of "good cause" is found in United States v. Five Cases, D.C.Conn.1949, 9 F.R.D. 81, 83, recited at page 606 of my opinion referred to, supra.

In the opinion of the court plaintiff has shown the requisite "good cause". The documents sought are concerned with the nature and extent of the competition between Stran-Steel and Metallic in the production and sale of prefabricated metal buildings. They are relevant in answering the crucial question whether the effect of this acquisition may be substantially to lessen competition or tend to create a monopoly in a line of commerce in a section of the country. Production of these relevant documents will aid plaintiff's trial preparation. Granting the motion will narrow the dispute and clarify basic issues. In short, resolution of the "good cause" issue may be made on the same rationale as in my opinion cited, supra.

The question of whether plaintiff has sufficiently designated these documents is more difficult. Recitation of three of the thirty-one categories or items sought will serve to illustrate plaintiff's general manner of designation:

"1. *All memoranda* written by National's officers, agents, or employees during the period January 1, 1955 to date which refer to the existence of competition between Metallic and Stran-Steel in the sale of metal buildings.

"5. *All correspondence* passing between National and Metallic during the period January 1, 1955, to date which refers to the existence of competition between Metallic dealers and Stran-Steel dealers in the sale of metal buildings.

"6. *All written studies or analyses* of the competition between Metallic and Stran-Steel in the sale of metal buildings made or prepared by any officer, agent, or employee of National during the period January 1, 1955 to date." (Emphasis supplied.)

The emphasized portions of these categories fairly represent a formula repeated by plaintiff throughout the list of thirty-one such items. As noted, supra, this mode of designation or formula is denounced by defendants as of "dragnet character".

■ The particularity or preciseness of designation required by Rule 34 depends on the circumstances of each case. No magic formula is available and the question is a practical one of attaining the possible in each instance. "The goal is that the description be sufficient to apprise a man of ordinary intelligence which documents are required * * "

2 Barron & Holtzoff, Federal Practice and Procedure, Sec. 799 (1950). The cases are not in agreement on the requisite specificity of designation. Indeed, this is the most controverted, uncertain area within Rule 34.

■ Professor Moore discerns two lines of authority. 4 Moore's Federal Practice, Sec. 34.07 (2d Ed. 1950). Judge Woolsey's opinion in United States v. American Optical Co., supra, represents one viewpoint. This view requires movant to specify the particular documents desired. The more liberal approach declares adequate designation of documents by categories, as long as the categories are not overly broad. The less stringent school of opinion is concerned only with whether a reasonable man would know what documents are called for. This more liberal approach is best enunciated in United States v. United States Alkali Export Ass'n, D.C.S.D. N.Y.1946, 7 F.R.D. 256.[1] Judge Woolsey's view is rejected on the ground that it encourages circuitousness of procedure; it is thought that resort to other discovery procedure to identify particular documents before proceeding under Rule 34 is obviated by the liberal view.

A careful examination of plaintiff's categories of documents indicates compliance by plaintiff with the more liberal standards mentioned by Professor Moore. A reasonable man would perhaps know what documents are called for by these extremely broad categories. Obviously, plaintiff's categories, referring as they do to "all memoranda", "all correspondence", and "all written studies", do not meet the more rigorous designation standard of Judge Woolsey in the American Optical Co. case, supra. The required list of documents, named and

---

[1]. A number of cases follow the approach of United States v. United States Alkali Export Ass'n. The following decisions discussed that view very thoroughly: Connecticut Mutual Life Ins. Co. v. Shields, D.C.S.D.N.Y.1955, 17 F.R.D. 273, 276; United Mercantile Agencies v. Silver Fleet M. Express, D.C.W.D.Ky.1941, 1 F.R.D. 709, 712; Hawaiian Airlines v. Trans-Pacific Airlines, D.C.D.Hawaii 1948, 8 F.R.D. 449; and United States v. United Shoe Machinery Corp., D.C.D. Mass.1948, 76 F.Supp. 315.

dated, deemed necessary under the stringent view is not here found.

The court is led by necessity to a choice between the two schools of thought on this problem. The results which often flow from a denial of plaintiff's motion in these circumstances are fairly predictable. They are chronicled in the cases on designation. A plaintiff so thwarted makes use frequently of interrogatories to require the other party to furnish a list of documents within the description contained in Rule 34, and upon being furnished such a list then moves for production of same under Rule 34. In other words, the rule of American Optical Co., supra, requires resort to Rule 33 procedures before use of Rule 34.[2] However this may be, the court chooses to follow the rule of American Optical Co. The alleged circuitousness engendered by this choice is disposed of succinctly in Hillside Amusement Co. v. Warner Bros. Pictures, Inc., D.C.S.D.N. Y.1944, 7 F.R.D. 260, at page 263, thusly:

> "I suppose that in many instances a party would prefer to respond to such generalized demands rather than to be subjected to a preliminary examination by oral deposition or written interrogatories as to the ex-

istence and description of the desired documents. *But such a choice of convenience is not for the court to make.*"[3] (Emphasis supplied.)

The strict view of Woolsey, J., seems preferable in that indiscriminate, loose requests for documents, inflicting time-consuming searching on defendants, is thereby eliminated. Relevant, particularized documents can be obtained via Rule 34 after their identity is gleaned through other available modes of discovery. The dragnet-like nature of plaintiff's requests does not make for orderly litigation. Hillside Amusement Co. clearly supports my conclusion. While involving somewhat broader requests for documents, my rationale was employed in Vendola Corp. v. Hershey Chocolate Corp., D.C.S.D.N.Y.1940, 1 F. R.D. 359, and Kurt M. Jachmann Co. v. Marine Office of America, D.C.S.D.N.Y. 1955, 1 F.R.D. 42. Similar requests or demands for "all or any" of a designated category have been frequently rejected.[4]

■ It follows that plaintiff's motion for production of documents will be denied for plaintiff's failure to satisfy the requirement of Rule 34 that the documents sought must be "designated". The clerk will notify counsel to draft and submit appropriate order.

---

2. It is on this ground that some cases are particularly critical of the American Optical Co. line of authorities, e.g., United States v. United States Alkali Export Ass'n, supra, and United States v. United Shoe Machinery Corp., supra, footnote one.

3. Cf. United States v. United States Alkali Export Ass'n, supra.

4. Hillside Amusement Co. v. Warner Bros.

Pictures, Inc., supra, "all memoranda, surveys and inter-office communications prepared in connection with * * *"; United States v. Schine Chain Theatres, Inc., D.C.W.D.N.Y.1942, 2 F.R.D. 425, "All interoffice memoranda, correspondence, and other written communications * * *."; and Thomas French & Sons, Ltd. v. Carleton Venetian Blind Co., D.C. 1939, 30 F.Supp. 903, 905, all categories prefaced with "any and all".