See also 194 F.Supp. 686.

**H. A. McCULLOUGH and H. F. McCullough, a partnership, doing business as McCullough's Dairy Queen**

**and**

**Burton F. Myers, Robert J. Rydeen, M. E. Montgomery and Lorraine Dale, Executrix of the Estate of Howard S. Dale, deceased,**

**v.**

**DAIRY QUEEN, INC.**

**Civ. A. No. 28876.**

United States District Court
E. D. Pennsylvania.

June 28, 1961.

Michael H. Egnal, Philadelphia, Pa., for plaintiffs.

Krusen, Evans & Byrne, by Mark D. Alspach, Philadelphia, Pa., for defendant.

WOOD, District Judge.

Suit was filed on November 21, 1960, and after a preliminary injunction was issued, the case proceeded to the Court of Appeals for the Third Circuit where the preliminary injunction order was upheld. Meanwhile, other motions were filed and argued and decided by the Court. The case was to be heard finally on the merits on June 27, 1961. It was

not until June 8, 1961, that the defendant filed the motion now before us. Even if we considered the documents sought to be produced as relevant to the subject matter of this action, and even if the requests of the motion were properly limited in scope, we would hesitate at this late date, practically on the eve of trial, to order plaintiffs to gather together and produce these documents for the defendant.

However, not only is the motion untimely, but it also places upon the plaintiffs the burden of compiling an enormous quantity of material, the bulk of which is not even remotely concerned with the issues in this case. The irrelevancy of the documents sought can be demonstrated by the following example: One of the main issues in the case involves the contractual relationship between the owners of the trade name "Dairy Queen" and their licensee, the defendant Dairy Queen, Inc. (The contract involved in the dispute gave the defendant the right to use and to license others to use the trade name "Dairy Queen" within a certain area of Pennsylvania.) Another issue in the case (raised by the answer) is whether the plaintiffs have come into Court with unclean hands because of their alleged violation of the antitrust laws. Specifically, the defendant charges the plaintiffs with attempting to illegally extend their patent monopoly on a certain freezer used in the Dairy Queen business by trying to "tie in" use of that freezer with license agreements for use of the trade name "Dairy Queen."

Against this background of issues raised by the pleadings, the defendant now argues that it has the right to examine every contract ever made in any State of the Union by the plaintiffs involving the right to use the patented freezer and every contract involving the right to use the trade name "Dairy Queen." In addition, the defendant wishes to examine all reports, correspondence, memoranda, papers, etc., which pertain to the negotiation of such contracts. Merely to state these requests is to show that they are manifestly bur-

densome, oppressive, and unlimited in scope. We, therefore, enter the following Order:

Order

And now, to wit, this 28th day of June, 1961, It Is Hereby Ordered that the defendant's motion for production of documents is Denied.