**CAMCO, INCORPORATED, Plaintiff,**

v.

**BAKER OIL TOOLS, INC., Defendant.**

**Civ. A. No. 67–H–885.**

United States District Court
S. D. Texas,
Houston Division.

July 16, 1968.

Fulbright, Crooker, Freeman, Bates & Jaworski, William A. Stout, Houston, Tex., and McLean, Morton & Boustead, W. Brown Morton, Jr., and Malcolm L. Sutherland, Washington, D. C., for plaintiff.

Butler, Binion, Rice, Cook & Knapp, Murray Robinson, Houston, Tex., and Mellin, Hanscom & Hursh, Oscar A. Mellin and Carlisle M. Moore, of San Francisco, Cal., for defendant.

## MEMORANDUM

INGRAHAM, District Judge.

Plaintiff, Camco, Incorporated, seeks a declaratory judgment under Secs. 2201 and 2202, Title 28, U.S.C., holding that United States Letters Patent Nos. Re. 26,085; 3,036,636; 3,094,168; 3,101,-783; 3,112,796; and 3,319,717 are invalid and non-infringed. In a second cause of action plaintiff seeks a declaratory judgment declaring and adjudging that a certain oil well packer manufactured by Camco, to-wit, Model MD–1, does not come within the scope of any of the claims of patent No. 3,080,922 and that plaintiff is consequently not liable for any royalties under the licensing agreement between plaintiff and defendant, the effective date of which was May 18, 1965. Finally, in a third cause of action, plaintiff charges defendant with violating the Sherman Anti-Trust and Clayton Acts, with unfair competition and with unfair trade practices. In the third cause of action plaintiff prays for appropriate monetary and injunctive relief.

Defendant has filed a counterclaim alleging two causes of action. In the first, defendant charges plaintiff with infringement of '085, '636, '168, '783 and '717, which patents were issued to various inventors and were subsequently assigned to defendant. In the second cause of action, defendant alleges that Camco's oil well packers Models MD–1 and HD are within the scope of at least claim 5 of No. '922. Defendant therefore prays for a judgment for the royalty payments due under the 1965 licensing agreement.

This typically complex patent, antitrust, unfair competition and contract action is currently before the court for consideration of plaintiff's motion for production of documents pursuant to Rule 34, Fed.R.Civ.P. Defendant has opposed the motion and both sides have submitted briefs of the law.

Plaintiff has moved for production of six categories of documents. In the interest of clarity, the court will treat each category and the objections to the production thereof separately.

1. The first category consists of:

"Copies of all patents now or at any time owned by the Defendant, Baker Oil Tools, Inc., related to the oil well packer art, whether expired or unexpired, including both United States and foreign patents. The term 'oil well packer art' as used herein, refers to the art of methods and equipment for sealing off a well at some location below the surface of the earth."

Defendant objects to producing all of its patents relating to the "oil well packer art" on the grounds that this would involve approximately 450 patents, copies of which may be obtained from the Patent Office at a nominal cost.

Plaintiff, while admitting that copies of patents may be purchased from the Patent Office for fifty cents each, argues that such copies may be ordered by number only and that it can obtain the numbers of the patents which are owned or have been owned by the defendant most easily from defendant. Plaintiff further contends that its third cause of action charges defendant with improper monopolization as a result of defendant's manner of acquisition and administration of its patent portfolio and that all of defendant's patents are thus relevant.

The word patent, in its broader sense, means public. The plaintiff may make its own search in the public office of registry, a source equally available to all. Defendant's objection to production of the first category of documents will be sustained.

2. The second category of documents encompasses:

"All documents evidencing agreements, whether formal or informal, by the Defendant, Baker Oil Tools, Inc., with parties other than plaintiff, relating to any of the patents described in paragraph (1)."

Defendant resists the production of these documents for the reason that it would involve a tremendously large number of instruments whose relevancy is not clearly established by the pleadings. In support of its position, defendant cites McCullough v. Dairy Queen, Inc., 195 F.Supp. 918 (E.D.Pa.1961).

Plaintiff contends that the requested documents are relevant to the third cause of action and, in particular, to the allegation that defendant utilized a discriminatory and selective licensing scheme in order to achieve and perpetuate a monopoly position beyond the scope and purpose of the several patent monopolies involved. Plaintiff further contends that such agreements are not available from any source other than the defendant.

The court recognizes that this category encompasses a potentially extremely large number of documents; however, it is well settled that a showing of good cause is not rebutted by a showing that production would be burdensome. 2A Barron and Holtzoff, Federal Practice and Procedure, Sec. 796, p. 431 (Wright Ed. 1961). The Dairy Queen case, supra, relied on by the defendant is distinguishable since in the case sub judice the motion for production was made well in advance of trial. After giving the matter careful consideration, the court is of the opinion that there must be some manageable limits to discovery at the present stage of litigation. Accordingly, defendant will be ordered to produce only those agreements relating to the patents in suit, i. e., Nos. '085, '636, '168, '783, '796 and '717. This ruling is without prejudice to plaintiff discovering additional agreements at a later date upon its making a more convincing demonstration of relevancy.

■ 3. The third category of documents is composed of:

"All documents evidencing any charge of infringement, communicated to parties other than the Plaintiff or the Defendant, relating to any of the patents described in paragraph (1)."

Defendant attacks the relevancy of these documents by asking:

"What difference does it make that 30 years ago defendant charged someone with infringement of one of its patents? What difference does it make if in the recent past defendant has charged someone with infringement of a patent not here in suit?"

Plaintiff answers that its third cause of action has brought defendant's methods and motives in utilizing its entire patent portfolio into issue and that defendant's course of action in charging others with infringement is thus relevant to the issues raised by the complaint.

The court agrees that the documents in the third category are relevant. For the reasons noted previously, however, only those documents evidencing charges of infringement of the patents in suit will be ordered. Once again, this ruling is without prejudice to plaintiff renewing the motion.

■ 4. In the fourth category plaintiff seeks:

"All documents evidencing consideration, by or on behalf of the Defendant, Baker Oil Tools, Inc., of oil well packer structures made or offered for sale by the Plaintiff."

Defendant maintains that the designation of the documents in this category is unduly vague and, in addition, it claims the attorney-client privilege as to those documents which were prepared by defendant's counsel for the purpose of deciding whether plaintiff was guilty of infringement.

Plaintiff replies that it used the word "consideration" in its dictionary sense, i. e., "Act or process of considering; continuous and careful thought; examination; deliberation; attention." Webster's New International Dictionary of the English Language (2d Ed. 1939). The court is of the opinion that the term "consideration" when used in its dictionary sense is sufficiently specific to

apprise a man of ordinary intelligence what documents are required and to enable the court to ascertain whether its order has been complied with. United States v. National Steel Corp., 26 F.R.D. 607 (S.D.Tex.1960).

With reference to defendant's invocation of the attorney-client privilege, the court must emphasize that there is no magic in the phrase "attorney-client privilege". The work product of an attorney is accorded only a *qualified* privilege. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Defendant's bald assertion that production of the documents in question would violate the attorney-client privilege is simply not enough. The court will not be persuaded that the documents are privileged until some facts have been alleged. Rekeweg v. Federal Mutual Ins. Co., 27 F.R.D. 431 (N.D.Ind.1961), aff'd on other grounds, 324 F.2d 150 (7 CA 1963), cert. denied, 376 U.S. 943, 84 S.Ct. 798, 11 L.Ed.2d 767 (1964). Plaintiff's motion for production of the fourth category of documents will be granted without prejudice to defendant to reassert its claim of privilege in a more specific manner.

 5. The fifth category consists of:

"All documents evidencing consideration, by or on behalf of the Defendant, Baker Oil Tools, Inc., of oil well packer structures made or offered for sale by parties other than the Plaintiff."

It is the court's opinion that this request is too broad. The documents in this category may well involve patents and mechanical structures which are not and never will be a part of this case. Moreover, the documents may have been prepared a number of years ago. Since the relevancy of these instruments is conjectural at best, good cause has not been shown and the defendant's objections to production of the fifth category of documents will be sustained. Again, this ruling is without prejudice to plain-

tiff to renew its motion after it has developed its case more fully.

■ 6. In the sixth and final category of documents plaintiff seeks:

"All files relating to the making and first reducing to practice of the alleged inventions, the decisions to file patent applications on the alleged inventions, and the prosecution of applications relating to any of the patents described in paragraph (1)."

This demand represents nothing more than a blanket request for the complete files of defendant's 450 patents relating to the "oil well packer art". In this part of its motion, plaintiff has not satisfied the requirement that good cause be shown, nor has it designated the documents sought with the requisite degree of particularity. The motion for production of the sixth category of documents will be denied. 2A Barron and Holtzoff, Federal Practice and Procedure, Sec. 799 (Wright Ed. 1961), and cases cited therein at n. 20.

The clerk will notify counsel to draft and submit an appropriate order.