Lonnie H. POPE

v.

UNGERER & COMPANY.

Civ. A. No. 12836.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 23, 1969.

Gambrell & Mobley, Atlanta, Ga., for plaintiff.

King & Spalding, Atlanta, Ga., for defendant.

## ORDER

ALBERT J. HENDERSON, Jr., District Judge.

Plaintiff sues and defendant counterclaims for breach of an employment contract. For certain agreed consideration, demonstrated by a July, 1967 contract, a copy of which is attached to plaintiff's complaint, plaintiff agreed to be the sales representative of defendant, a national company, in the states of North and South Carolina, Georgia, Alabama, Florida, Mississippi, and parts of Louisiana and Tennessee. Plaintiff was to be the sole and exclusive representative of defendant. In his complaint, plaintiff claimed that defendant discharged him without cause or justification, thus damaging him in the sum of $2,923.20, plus attorney's fees in the amount of $17,650.00, plus cost. Defendant denied that plaintiff had always fulfilled his obligations under the contract, alleging that he had represented persons, firms and corporations in competition with and not complimentary to its line of products. (The contract reveals that such conflicting representation was prohibited). Defendant further alleged that plaintiff was notified of such breach and was given an opportunity to correct it. Further, that plaintiff had failed to adequately call on its customers and prospective customers, and had failed to use his best efforts in representing plaintiff. Finally, it counterclaimed against defendant alleging that plaintiff's failure to represent it in the manner contemplated by the contract between them had caused it a substantial loss of profits and business reputation, for which it asked compensation in the amount of $50,000.00, plus attorneys' fees and court cost.

The question presently before the court is the extent of discovery which will be allowed to plaintiff, particularly with regard to the defendant's sales information.

In a motion to inspect and copy documents, pursuant to Fed.R.Civ.P. 34, plaintiff makes four requests:

(1) All documents showing the following:

    (a) The defendant's total dollar volume of monthly sales, beginning in 1965, broken down by sales territories.

    (b) The defendant's total dollar volume of monthly sales, beginning in 1965, with respect to the defendant's sales territory in which lies Georgia, including the dollar volume of such monthly sales for each of defendant's customers, itemized as to products purchased by each customer.

(2) All documents showing a list of the persons or firms making purchases from the defendant since 1965, with respect to the sales territory in which lies Georgia, including the date of the initial purchase of each person or firm.

(3) All documents concerning the negotiations between plaintiff and defendant, leading up to the contract between them;

    (a) Directed to or from the plaintiff.

    (b) Relating to or about the plaintiff, specifically including complaints received about the plaintiff.

(4) All documents relating to the matter in controversy which defendant has obtained from any person purporting to have knowledge of the matter in controversy.

In support of his motion, plaintiff attaches his attorney's affidavit, which is primarily devoted to the conclusionary assertion that the documents sought are relevant to a number of issues enumerated in the affidavit.

On the other hand, defendant asserts, by affidavit of Peter T. Wood, Vice President in charge of defendant's sales territories, that disclosure of its total sales volume would be highly prejudicial to it. Wood states, in pertinent part:

> By far the largest part of Defendant's sales in [plaintiff's former sales] territory are to producers of soft drink beverages. Traditionally, in the beverage industry, our customers jealously guard all information with regard to the ingredients which they purchase. They are not required by the United States Government in labeling their products to disclose the ingredients and their formulae are among their most valuable assets. Were we to disclose this kind of information, we would be subject to severe criticism by our customers and probable loss of business. This tradition in the industry was recognized by Mr. Pope himself at page 17 of the transcript of his deposition in this case taken on August 27, 1969. In response to the question "Who was the large soft drink manufacturer in Dallas that you said you called on?" Mr. Pope said, "Well, you know, the soft drink people are kind of funny about who they buy stuff from * * * none of these companies like this type of information revealed * * *."

However, rather than totally refuse discovery, pursuant to plaintiff's motion, the defendant makes a number of suggestions which the court finds persuasive.

Generally, the defendant argues that plaintiff's scope of discovery should be limited to his own former sales territory, to-wit, North and South Carolina, Georgia, Florida, Alabama, Mississippi, and parts of Tennessee and Louisiana. In essence, it argues that it will suffer competitive disadvantage, if forced to reveal sales information outside this territory, not presently in the knowledge of plaintiff. Further, it will suffer the same disadvantage if plaintiff is allowed to discover information concerning itemization of items purchased per customer. Plaintiff responds by arguing that the information sought to be protected, to-wit, customer lists and other sales information, is not protectable as a trade secret.

However, it is the opinion of the court that discovery in this case should be limited to some extent. If, as defendant claims, its customer lists give it a limited competitive advantage because of its customers' desire to protect their own information concerning product composition, it is reasonable for defendant to attempt to preserve its competitive advantage by keeping the lists of materials supplied to its customers secret through limiting the information which it discloses, not only concerning the products furnished to its customers, but also its own customer lists as an advantage solely to it. *See* Water Services, Inc. v. Tesco Chemicals, Inc., 410 F.2d 163 (5th Cir. 1969). Further, balancing the defendant's qualified right to protect confidential information which does not rise to the level of a trade secret against the plaintiff's right to discovery of relevant information, it is clear that the court must strike a middle course with regard to the documents which plaintiff seeks to inspect and copy in the motion presently under consideration by the court. Therefore, the court will consider each separate numbered paragraph of the plaintiff's motion individually, in the light of that information which the de-

fendant has stated that it will voluntarily discover.

■ Keeping in mind that this suit is one for breach of contract of the plaintiff's employment as sales representative in an exclusive territory, the court questions the relevancy of sales information from defendant regarding each of defendant's sale territories over the entire country. In this connection, the court notes that defendant has no objection to producing sales figures for the sales territory which was assigned to plaintiff. It is the opinion of the court that plaintiff has not shown good cause for information from other sales territories. In other words, he has not demonstrated that it is necessary to the preparation of his case. *See* Southern Railway Company v. Lanham, 403 F.2d 119, 127 (5th Cir. 1968). Therefore, defendant will not be required to furnish sales information for sales territories other than that which was formerly assigned to the plaintiff.

■ On the other hand, defendant is perfectly willing, as requested in (1) (b), to provide total dollar volume of sales from 1965 with respect to the sales territory formerly assigned to the plaintiff, and is hereby ordered to do so. Defendant may utilize quarterly figures, as it requests, rather than monthly figures as a basis for its total dollar volume of sales.

Further, it is the opinion of the court that the plaintiff has not shown good cause, to-wit, that he needs for the preparation of his case, an itemization of products purchased by each customer within his former sales territory. However, defendant is willing to provide information and documents showing the amount of sales to each of its customers within the area of plaintiff's former sales territory. Moreover, it is willing to provide a list of products sold within that territory. Although this information might be relevant to the subject matter of this controversy, as required by Fed.R.Civ.P. 26(b), the court feels that the plaintiff simply has not shown good cause for its discovery at the present time. If this information sought by (1) (b) proves to be necessary for the preparation of plaintiff's case, particularly the defense of the defendant's counterclaim against him on the basis that he sold competing products, the court may reconsider a proper request at a later time. However, the court will not now require defendant to produce such an itemization of the products sold in plaintiff's former territory, but will only require plaintiff to produce the list of products formerly sold in that territory, with the amount of sales to each customer from 1965, as it has offered to do.

■ Defendant is willing to produce the information requested in Paragraph (2) of plaintiff's motion, but only with respect to plaintiff's former territory. The reasoning which the court has applied to Paragraph (1), applies equally to this paragraph, and the plaintiff will only be required to produce the information which it has volunteered to produce. With respect to the request in Paragraph (3) (a), defendant asserts, and plaintiff has not denied, that all of the documents requested are in the possession of plaintiff, or that he has access to all of these documents. In the absence of a showing by plaintiff that these documents are not in his possession, or reasonably accessible to him, the court will not require defendant to produce them for his inspection and copying.

Defendant has stated that it will voluntarily produce the documents requested in Paragraph (3) (b), and it is required to do so by this order.

■ With respect to Paragraph (4) of the plaintiff's motion, defendant denies that any such documents exist. In his "Plaintiff's Reply Brief", plaintiff has not alleged this assertion. Accordingly, the defendant will not be required to produce documents which do not exist.

In summary, the motion to produce is granted in part and denied in part, as more specifically indicated in the text of this order.