KAZUKO S. MARSH, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2046–73. Filed May 21, 1974.

*Wesley C. Marsh,* for the petitioner.
*J. Doyle Tumbleson* and *Thomas E. Bulleit,* for the respondent.

OPINION

DAWSON, *Judge:* The petition in this case was filed on March 21, 1973, seeking a redetermination of Federal income taxes for the taxable years 1966 through 1969. On July 5, 1973, the petitioner filed a "Request To Produce" which was set for hearing on August 8, 1973, at Washington, D.C. After argument the motion was denied without prejudice to petitioner's right to renew her request once the new Tax Court Rules of Practice and Procedure became effective on January 1, 1974.

On January 31, 1974, the petitioner mailed to respondent's counsel in Richmond, Va., a Request To Produce while simultaneously sending copies of the request to the Court. Those copies were returned to petitioner's counsel because the rules do not require service of copies on the Court. Petitioner's service on the opposing party was in compliance with Rule 72(a). See the Note to par. (b) of Rule 72.

Petitioner's request to produce documents is comprised of eight numbered paragraphs, as follows:

(1) Copies of any records made by the Internal Revenue Service relating to the petitioner's exit from this country on October 28, 1966.

(2) Copies of the records of the United States Immigration and Naturalization Service and other applicable departments, agencies, and services relating to the petitioner's entry to and exit from Hawaii in May 1968.

(3) A copy of the petitioner's application "B–2, for business or pleasure" visa, together with attachments filed with the United States consulate, Tokyo, Japan, in May 1968.

(4) The application form completed and filed with the United States Embassy, Tokyo, Japan, in November 1970, together with all attachments.

(5) The immigration visa which was issued to the petitioner in late November or early December 1970 which was surrendered by petitioner to authorities of the United States Immigration and Naturalization Service on December 5, 1970.

(6) A copy of the applicable United States Air Force regulation, manual, or other directive in effect during the month of September 1966 governing the occupancy by United States Air Force personnel and their dependents of Government-owned "family housing (or living) quarters" at Malmstrom Air Force Base, Mont., together with all Strategic Air Command, Fifteenth Air Force, and Malmstrom Air Force Base supplements thereto, and such other subordinate command regulations, manuals, or other directives in effect at that time governing or relating to the occupancy by United States Air Force personnel and their dependents of such Government-owned quarters at Malmstrom Air Force Base, and specifically those regulations, manuals, and other directives governing and relating to the occupancy of such Government-owned quarters at Malmstrom Air Force Base by dependents of United States Air Force personnel, by virtue of their said dependency, subsequent to the assignment of their military sponsors to permanent duty stations away from Malmstrom Air Force Base and outside the contiguous 48 United States.

(7) A copy of the applicable regulations or other directives of the Department of Justice and its subordinate divisions, agencies, bureaus, services, and other subdivisions, including, but not limited to, the Immigration and Naturalization Service, relating to the reentry rights (into the United States) of alien holders of immigrant visas, who have departed the United States not accompanying their permits and who have thus remained continuously absent from the United States for more than 365 days.

(8) A copy of any declaration of intent to become a citizen of the United States ever filed by the petitioner with the Department of Justice or any other department, agency, bureau, or service of the United States and a copy of the record of naturalization of petitioner as a United States citizen, if any can be found, or, if none be found, certificates of the absence of such records by the appropriate United States official who would be their custodian if any such records in fact existed.

In her Request To Produce the petitioner alleges that all the documents sought are official records of the United States which are required by law to be kept in the ordinary course of business and Government and are in the exclusive possession, custody, and control of the United States, as represented by the respondent in his official capacity. Petitioner further alleges that the documents are not privileged and are all essential to prove her case.

Respondent answered the petitioner's request on February 21, 1974, and advised her that he was attempting to locate the documents specified in paragraph 1 thereof. When such documents are located they will be made available to the petitioner.

As to all other requests the respondent objected to the production of the documents on the ground that they are not in his possession, custody, or control as required by Rule 72(a), Tax Court Rules of Practice and Procedure.

In accordance with Rule 72(b) the petitioner filed on April 1, 1974, a Motion For Order To Produce, with a supporting memorandum, seeking a determination as to the correctness of respondent's position. Respondent filed a Notice Of Objections and supporting memorandum on April 29, 1974, and a hearing was held on May 1, 1974.

Rule 72 is derived from rule 34 of the Federal Rules of Civil Procedure. There was no comparable provision in the prior Tax Court Rules. We therefore look to the development of rule 34 as a guide in determining the proper application of Rule 72. See Rule 1.

Rule 72 contemplates action between the parties without recourse to the Court. We are here concerned with Rule 72(a)(1) which provides:

(a) Scope: Any party may, without leave of Court, serve on any other party a request to:

(1) Produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the responding party through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things, to the extent that any of the foregoing items are in the possession, custody or control of the party on whom the request is served; * * *

In making her request the petitioner has complied with Rule 72(b) in describing each requested item with "reasonable particularity." Request number 8, however, is of a particularly unique nature. It asks for a copy of any "declaration of intent to become a citizen of the United States" if such a copy be found or if none be found, a certificate from an appropriate official indicating that no such record can be found. In paragraph 5a of the petition filed in this case the petitioner alleged that she "has never intended to become a citizen of the USA." Any document evidencing this intent presumably does not exist. Aside from the requirement of "possession, custody or control" in Rule 72, a party cannot be required to produce a document that either does not exist, see *Soetaert* v. *Kansas City Coca Cola Bottling Co.*, 16 F.R.D. 1 (W.D. Mo. 1954), or no longer exists, *William A. Meier Glass Co.* v. *Anchor Hocking Glass Corp.*, 11 F.R.D. 487 (W.D. Pa. 1951); *Wharton* v. *Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D. N.Y. 1966); *Pope* v. *Ungerer & Co.*, 49 F.R.D. 300 (N.D. Ga. 1969). If the

party to whom the request is made does not have the documents in his possession, custody, or control but is aware of where they may be located, he must so inform the requesting party. *RCA Mfg. Co.* v. *Decca Records*, 1 F.R.D. 433 (S.D. N.Y. 1940) ; *Palensar* v. *Isthmian S.S. Co.*, 11 F.R.D. 552 (S.D. N.Y. 1951).

The documents that the petitioner requests are asserted to have been made and retained by other departments of the United States Government, i.e., the Department of Justice, the Immigration and Naturalization Service, the Department of State, and the United States Air Force. For all that appears these documents are matters of public record or are available to the petitioner upon her personal request.

The Immigration and Naturalization Service has established procedures whereby individuals may secure copies of records "maintained by the Service." 8 C.F.R. sec. 103.8(b). A request on form N–585 which "describe[s] the record with sufficient specificity with respect to names, dates, subject matter, and location to permit it to be identified and located" will be supplied. 8 C.F.R. sec. 103.10(c) (2). 28 C.F.R. section 16.3 sets forth procedures whereby the Department of Justice will provide requested records. Section 16.3 details the method of request and the specificity required. Where the requesting party does not or cannot identify the record with sufficient clarity, form D.J. 118 will be provided him. This form will aid the Department in locating the documents requested which will be supplied within 10 days if possible or the requesting party will be promptly informed of the reason for the delay. 28 C.F.R. sec. 16.5.

The Department of Justice has established a procedure whereby it handles requests for records belonging to other agencies. 28 C.F.R. section 16.3 (e) provides:

Many of the records in the files of the Department are obtained from other agencies for litigation or other purposes. Where it is determined that the question of the availability of requested records is primarily the responsibility of another agency, the request will be referred to the other agency for processing in accordance with its regulations, and the person submitting the request will be so notified.

The Department of State has established similar procedures whereby all identifiable records not exempt under 5 U.S.C. section 552(b) will be supplied to the public. 22 C.F.R. sec. 6.2(a). The party requesting the documents is charged with the responsibility of adequately identifying the records. 22 C.F.R. sec. 6.7(e). The petitioner has been sufficiently specific so that the person in control of the documents sought could easily locate them. Because of such specificity it is not necessary to discuss the differing approaches to the requirement of particularity under this rule. See and compare *United States* v. *American Optical Co.*, 2 F.R.D. 534 (S.D.N.Y. 1942), with *United States* v.

*United States Alkali Export Assn.*, 7 F.R.D. 256 (S.D.N.Y. 1946). See also *United States* v. *National Steel Corporation*, 26 F.R.D. 607 (S.D. Tex. 1960), and 8 Wright & Miller, Federal Practice and Procedure, sec. 2211, p. 628; 4A Moore, Federal Practice, par. 34.07 (2d ed. 1974) ("The question is whether a reasonable man would know what documents or things are called for.").

The records and documents the petitioner seeks appear to be ones which she can specify to the appropriate agencies and they will provide them to her promptly. It is clear that the records are not in the possession, custody, or control of the Commissioner of Internal Revenue, the respondent herein. The good-faith attempt by the petitioner to obtain the documents from the agencies involved should not meet with any obstacles. Of course, if the petitioner, after such a good-faith effort, is not able to obtain these documents which she deems vital to her case, then the Court is not without the ability to see that her interests are adequately protected. See *Palensar* v. *Isthmian S.S. Co.*, *supra; Sagorsky* v. *Malyon*, 12 F.R.D. 486 (S.D.N.Y. 1952); Rule 104, Tax Court Rules of Practice and Procedure.[1]

The documents sought are available to the petitioner. Since the documents relate for the most part to the petitioner, she is in the best position to specify those she seeks from agencies whose rules provide for the production of such documents. See *Camco, Inc.* v. *Baker Oil Tools, Inc.*, 45 F.R.D. 384 (S.D. Tex. 1968); *Southern Railway Co.* v. *Lanham*, 403 F. 2d 119 (C.A. 5, 1968). Although the *Lanham* case dealt with the previous requirement of "good cause" in rule 34, Federal Rules of Civil Procedure, we think the concept of ease of availability has a bearing on the designation of a party responsible for producing ecrtain documents. See also *Richards* v. *Maine Central Railroad*, 21 F.R.D. 593 (D. Me. 1957).

Respondent has denied possession, custody, or control of the documents that the petitioner has the present right and ability to obtain. Accordingly, the petitioner's request for an order compelling the production of such documents will be denied at this time.

*An appropriate order will be entered.*

---

[1] Once the case is set for trial the petitioner may also utilize Rule 147 which provides for the issuance of a subpoena duces tecum.